MAIGNAN *vs.* GLAISE.

The pendency of a rule in the court from whence the appeal is taken, does not authorise the clerk to discontinue preparing the transcript of the record.

If the appellant fail to give proper security on a *suspensive* appeal, the appellee cannot take out execution until after ten days notice.

The facts in this case are fully stated in the opinion of the court, delivered by *Porter, J.*

The appellant has applied to this court for further time to bring up the transcript of the record. *Code of Practice*, 883. The surety which he gave in the court below, was objected to. On hearing the parties, he was rejected, and the appellant ordered to furnish another. The rule on which this decision took place was not tried until the day fixed for the return of the appeal; and after the decision there was not time to make out transcript and file it in this court.

We think the application should be granted. The rule taken on the appellant in the inferior court, did not authorise the clerk to discontinue preparing the transcript of the record. Had he done so, it might have been returned in proper time.

It is, therefore, ordered, adjudged and decreed, that the time for bringing up the record in this case be extended to Monday, the second of January.

### SAME CASE.

*Porter, J.* delivered the opinion of the court.

This case comes before us on a rule taken on the judge of the first instance, to show cause why a *mandamus* should not issue, directing him to stay the execution of the judgment appealed from in this case.

The judgment appealed from was rendered on the twelfth, and signed on the eighteenth of November last. On the nineteenth of the same month, the petition of appeal was

filed, and the appeal allowed, returnable on the first Monday of December, on the appellants giving bond with security. The bond was filed the same day, and on the twenty-first of November the appellee took a rule against the appellant, to show cause why the order granting the appeal should not be set aside, and the appeal refused on the ground that the surety was insufficient. This rule was disposed of on the fifth of December, by the court making the rule absolute.

On the tenth of December, another surety, who was solvent, was furnished. But on the sixth of this month, the appellee caused execution to issue on a rule taken by the appellant. The court extended the return day to the first of January, but refused to suspend the execution.

The judge has shown for cause against the *mandamus*, that he would not arrest the order of seizure, because bond and security were not given until more than ten days had elapsed after a confessed notice of the judgment. He did not consider the appellant had a right to choose his own time to find security.

It appears to us the judge erred, and that the Code of Practice has provided very clearly for a case such as that before the court.

The 624th article is in these words : " Respecting judgments subject to appeal, the party in whose favor one is rendered, can only proceed to the execution after ten days, counting from the notification which he is obliged to make to the opposite party, if the latter has not appealed from the judgment within the interval, *or if having appealed, he has failed to furnish the security necessary to stop execution.*"

If the appellant fail to give proper security on a *suspensive* appeal, the appellee cannot take out execution until after ten days notice.

This article requires notification if no appeal has been taken; and it equally requires it, if after appeal the appellant has failed to furnish security to stay execution. There is, therefore, no ground for saying that knowledge will dispense with notification, and still less for saying that the knowledge evidenced by taking an appeal, will do away with the necessity of giving it ; for that is the very case put in the code where notification is still required.

Let the rule be made absolute.